UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN DANNEMAN, | ) |
| Plaintiff, | ) |
| v. | ) No.: 21-cv-1141-JBM |
| MARY JANE PRINCE and LIVINGSTON COUNTY JAIL, | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, currently held at the Lewisburg Federal Penitentiary in Lewisburg, Pennsylvania and proceeding *pro se*, files a complaint alleging that he was subjected to medical malpractice at the Livingston County Jail in Pontiac, Illinois. Plaintiff completed a form complaint, asserting the Court's federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the second amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiffs' favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face. "*Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

1

## ANALYSIS

Plaintiff pleads that he is HIV positive and, that on December 24, 2019, Defendant Nurse Mary Jane Prince attempted to administer an unidentified medication via intramuscular injection. Plaintiff claims that at the time, Defendant was under the influence of "Alcohol, Benzos, Morphine and TRA." Plaintiff does not indicate why he believes this to be the case, or why he would know with such particularity the drugs which Defendant had allegedly ingested.

Plaintiff asserts that Defendant Prince committed medical malpractice as, during the procedure, Defendant inadvertently stuck herself with the "contaminated" needle. While Plaintiff does not claim that he suffered physical injury, he claims that worrying that Defendant might develop HIV has caused him to become mentally exhausted. While Plaintiff names the Livingston County Jail, he has not pled any claims against it. He requests $100,000.00 in money damages.

As noted, Plaintiff has brought this controversy based on diversity of citizenship. The district court, of course, has jurisdiction over state law claims under its diversity jurisdiction. *Bell v. Leavitt*, No. 10-7772, 2010 WL 5174397, at *2 (N.D. Ill. Dec. 13, 2010); 28 U.S.C. § 1332. However, "the party seeking to invoke federal jurisdiction bears the burden of demonstrating that the requirements for diversity are met." *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). "Diversity jurisdiction exists only if Plaintiff is a citizen of different state than each Defendant, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)." *Johnson v. St. Joes Hosp.*, No. 18-3393, 2018 WL 11271983, at *3 (N.D. Ill. June 25, 2018). Here, Plaintiff has not plead as to the citizenship of himself or Defendants.

Plaintiff is currently held in Pennsylvania, which will not generally be considered his domicile for purposes of establishing diversity. *See Bontkowski v. Smith,* 305 F.3d 757, 763 (7th

Cir. 2002) (for purposes of diversity jurisdiction, a prisoner's domicile and, thus, his citizenship, is presumed to be the state in which he was domiciled prior to his incarceration unless he expresses a desire to live elsewhere after he is released). *See Turner v. Doe*, No. 08-432, 2008 WL 4279989, at *3 (S.D. Ill. Sept. 17, 2008) (plaintiff failed to plead diversity where he did not allege facts indicating the domicile of each Defendant).

Plaintiff is further cautioned that he will have difficulty pleading medical malpractice where he, himself, was not injured. *See Barnes v. Anyanwu*, 391 Fed. Appx. 549, 551 (7th Cir. 2010) (one of the elements of an Illinois medical malpractice case is that plaintiff suffered an injury due to defendant's breach of duty). Plaintiff is further advised that if he proceeds on a medical malpractice claim, he must be prepared to comport with the Illinois Healing Arts Malpractice statute, 735 ILCS 5/2-622 et. seq. This requires that a plaintiff provide an affidavit and a "certificate of merit," a written report by a health professional attesting that there is a "reasonable and meritorious cause for the filing." 735 ILCS 5/2-622(a). *See Hahn v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014) (Rule 2-622 applies to state law claim filed in federal court). *See also*, *Young v. U.S.*, 942 F.3d 349 at *2, 2019 WL 5691878 (7th Cir. 2019) (Plaintiff must provide affidavit and certificate of merit by summary judgment stage).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to file an amended complaint. The filing is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. If Plaintiff files an amended complaint, he is to indicate whether he was a convicted prisoner or pretrial detainee at the time alleged. The failure

to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

    2.    Plaintiff's motion for status [ECF 8]. Is rendered MOOT by this order.


  9/20/2021                                          s/Joe Billy McDade
ENTERED                                         JOE BILLY McDADE
                                                  UNITED STATES DISTRICT JUDGE