UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BENJAMIN DANNEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 21-cv-1141-JBM |
| | ) |
| MARY JANE PRINCE, | ) |
| LIVINGSTON COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER – AMENDED COMPLAINT

**Joe Billy McDade, U.S. District Judge:**

Plaintiff, proceeding *pro se* and incarcerated at FCI Pekin in Pekin, Illinois,[1] has filed an amended complaint [ECF 12]. He alleges he was subjected to medical malpractice at the Livingston County Jail in Pontiac, Illinois. In his original complaint, he asserted the Court's federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me

---

[1] At the time of filing his lawsuit Plaintiff was incarcerated at the Lewisburg Federal Penitentiary in Lewisburg, Pennsylvania. According to the Federal Bureau of Prison's inmate locator website, https://www.bop.gov/inmateloc/, Plaintiff has been transferred to FCI Pekin.

accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff seeks to bring a medical malpractice claim and invoke the Court's diversity jurisdiction. Plaintiff alleges that on December 24, 2019, while at the Livingstone County Jail, Defendant Mary Jane Prince, a nurse, was giving him his testosterone injection. After she gave him the injection, she was supposed to re-cap the needle, but instead stuck herself, then re-stuck the needle in Plaintiff's thigh. Correctional Officer Melvin observed the incident and filed a report. In a subsequent drug test, Defendant Prince tested positive for alcohol, morphine, and other drugs. Plaintiff's original complaint included an incident report that documented the incident, including the drug test. Plaintiff has not attached the incident report to his amended complaint or specifically alleged how he knew that Defendant Prince tested positive for the listed substances.

In the Court's previous Merit Review Order [ECF 9], Plaintiff was instructed to indicate in his amended complaint whether he was a convicted prisoner or pretrial detainee at the time alleged. He has not done so. Additionally, Plaintiff has again named the Livingston County Jail as a Defendant, but has not pled any claims against it. The Court's previous order also found that Plaintiff had not alleged diversity of citizenship. Upon further review, the Court finds that his original complaint alleged that Plaintiff is a citizen of Missouri and that Defendants are citizens of Illinois. However, Plaintiff has not realleged these facts in his amended complaint. The Court cannot accept piecemeal amendments.

Plaintiff's allegations now make clear that he was also stuck with the needle and has suffered mental health issues as a result of the incident. However, Plaintiff is again advised that if he proceeds on a medical malpractice claim, he must be prepared to comport with the Illinois

Healing Arts Malpractice statute, 735 ILCS 5/2-622 et. seq. This requires that a plaintiff provide an affidavit and a "certificate of merit," a written report by a health professional attesting that there is a "reasonable and meritorious cause for the filing." 735 ILCS 5/2-622(a). *See Hahn v. Walsh*, 762 F.3d 617, 628-33 (7th Cir. 2014) (Rule 2-622 applies to state law claim filed in federal court). *See also, Young v. U.S.,* 942 F.3d 349 at *2, 2019 WL 5691878 (7th Cir. 2019) (Plaintiff must provide affidavit and certificate of merit by summary judgment stage).

**IT IS THEREFORE ORDERED:**

Plaintiff's amended complaint is DISMISSED for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have a final opportunity, within 30 days, to file a Second Amended Complaint. His Second Amended Complaint must include all his claims without reference to a prior pleading. Plaintiff is specifically instructed to include allegations to support diversity of citizenship and state whether he was a convicted prisoner or a pretrial detainee at the time of the incident. The failure to file a second amended complaint which comports with the Court's instructions will result in the dismissal of this case, without prejudice, for failure to state a claim.

The Clerk is directed to send Plaintiff a blank civil complaint form and to update Plaintiff's address to FCI Pekin. Plaintiff is cautioned that a failure to promptly provide notice of a change of address in the future may result in dismissal of his case.

March 4, 2022  /s/ Joe Billy McDade
ENTERED  JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE