UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN D. DANNEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-cv-1141-JBM |
| | ) |
| MARY JANE PRINCE, *et al.* | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER – SECOND AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and incarcerated at the Federal Correctional Institution in Pekin, Illinois, files a Second Amended Complaint alleging that he was subjected to medical malpractice at the Livingston County Jail ("Jail"). The case is now before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### FACTS

Plaintiff names as Defendants Nurse Mary Jane Prince, the Livingston County Jail, and the State of Illinois. He asserts that the Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) based on diversity of citizenship, as Plaintiff is a citizen of Missouri; Defendants are citizens of Illinois; and the amount in controversy exceeds $75,000. (Doc. 15 at 5). *See Sullivan v.*

1

*Freeman*, 944 F.2d 334, 337 (7th Cir. 1991) (prisoner's domicile before he was imprisoned is presumed to remain his domicile while in prison).

Plaintiff alleges that Defendant Prince, a nurse at the Jail, was giving him an injection on March 5, 2020, and failed to maintain control of the syringe, stuck herself on the hand, and then stuck Plaintiff in the thigh with the same needle. Plaintiff alleges that a drug test administered by Officer Melvin revealed that Nurse Prince was under the influence of alcohol, morphine, tramadol, and benzodiazepines when the incident occurred. Plaintiff alleges that Nurse Prince neglected her duty to remain sober while employed by the State and caused him harm. He seeks damages against Nurse Prince in her official and individual capacities for "biological contamination, mental and emotional anguish, loss of public trust, and a puncture wound to the Plaintiff's body." (Doc. 15 at 7-8).

Plaintiff claims that the Jail and the State, under doctrine of *respondeat superior*, were negligent by failing to conduct routine drug tests of employees to maintain a drug-free workplace and for allowing an employee to be under the influence of alcohol and drugs.

The Court notes that Plaintiff's version of the events differs from Officer McKinsey's incident report, which Plaintiff attached as an exhibit. (Doc. 15 at 9). Officer McKinsey's report states that the incident occurred on December 24, 2019, not on March 5, 2020, as Plaintiff now alleges for the first time in his Second Amended Complaint. The report also states that Nurse Prince stuck herself while attempting to recap the needle after completing Plaintiff's injection and did not re-stick Plaintiff. Although Plaintiff's allegations differ from the report, the Court must accept the factual allegations in his Second Amended Complaint as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013).

## ANALYSIS

"To sustain an action for medical negligence, the plaintiff must establish (1) the standard of care in the medical community by which the medical professional's treatment is measured; (2) negligent failure by the medical professional to comply with the standard of care; and (3) the resulting injury was proximately caused by the deviation from the standard of care." *McGee v. Macon Cnty. Sheriff's Dep't*, 437 F.Supp.3d 818, 845 (C.D. Ill. 2020) (citing *Purtill v. Hess*, 111 Ill.2d 229 (Ill. 1986)). Even if Plaintiff's allegations are taken at face value, they fail to allege that Nurse Prince violated his constitutional rights. The claims asserted against Nurse Prince for alleged medical malpractice and the infliction of emotional distress are state law claims.

The Livingston County Jail and the State of Illinois are not proper Defendants. *See Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) (Sangamon County Jail is not a "person" that may be sued under § 1983). "The Immunity Act provides that the State of Illinois is immune from suit in any court except the Illinois Court of Claims. The rule applies to state law claims in federal court." *See Wheeler v. Piazza*, 364 F.Supp.3d 870, 885 (N.D. Ill. 2019) (internal citations omitted).

This case is dismissed without prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The dismissal is without prejudice to allow Plaintiff to pursue these claims in state court. *See Reveles v. Carr*, No. 22-CV-90-BBC, 2022 WL 1773486, at *9 (W.D. Wis. June 1, 2022) (dismissing state law claims without prejudice).

The Court also notes that Plaintiff indicated he did not exhaust his administrative remedies before filing his complaint. (Doc. 15 at 4). Plaintiff must complete the grievance process before filing a lawsuit, not after. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *Kincaid v. Sangamon Cnty.*, 435 F. App'x 533, 536-37 (7th Cir. 2011) (recognizing that the § 1997e(a) exhaustion

requirement applies to jail as well as prison grievance procedures). If a prisoner fails to follow all of the necessary grievance procedures, the claim will not be exhausted, and will be barred, even if there are no remaining administrative remedies available. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). It is recognized that the failure to exhaust is "an affirmative defense that ordinarily should be raised—and must be proven—by the defendant. A district court may dismiss a complaint where 'the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous…But the defense must be unmistakable….'" *Boyce v. Illinois Dep't of Corr.*, 661 F. App'x 441, 443 (7th Cir. 2016) (internal citations omitted). Therefore, the Court finds that granting Plaintiff leave to file a third amended complaint would be futile.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Second Amended Complaint is DISMISSED without prejudice for failure to state a federal claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. The dismissal is without prejudice to allow Plaintiff to pursue his state law claims in state court.

2) The Clerk is directed to enter Judgment and close this case. This dismissal shall count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff remains responsible for the remainder of the $350 filing fee even though this case has been dismissed.

4) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). If Plaintiff wishes to proceed *in forma pauperis* on appeal, his motion for leave to appeal *in forma pauperis* must identify the issues Plaintiff will present on appeal to assist the Court in determining whether

the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED:  June 21st, 2022

s/ Joe Billy McDade<br>Joe Billy McDade<br>United States District Judge